IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:22-mj-906-BN |
| | § | |
| SHARON RENEE MARTIN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Sharon Renee Martin was arrested in this district on a warrant issued by the district in which her case is pending – the United States District Court for the Eastern District of Texas (the "charging district") – in Case No. 4:19-cr-277-ALM-CAN (E.D. Tex.), in connection with a petition alleging that she has violated her conditions of pretrial release.

On September 21, 2022, Defendant appeared for an initial appearance in this court, as the district of arrest, under Federal Rule of Criminal Procedure 40.

Defendant was entitled to be made aware of the allegations in the petition and to retain, or have an appointed, counsel to represent her in this district in these revocation proceedings. And, as the Court explained at the initial appearance, in the the undersigned's view, Defendant was entitled, in this district of arrest, to an identity hearing and a pre-revocation-hearing detention hearing – but not to any preliminary (or so-called probable cause) hearing.

-1-

Having been so advised, and after conferring with her retained counsel, Defendant knowingly and voluntarily waived her rights to an identity hearing and to any pre-revocation-hearing detention hearing in this district and elected to remain in the custody of the United States Marshals Service and be transported to the Eastern District of Texas for revocation proceedings there.

The Court enters this order to further explain on the record the basis for the undersigned's view on what hearings Defendant was and was not entitled to in the district of arrest under these circumstances.

The Federal Rules of Criminal Procedure leave some uncertainty as to what hearings a defendant arrested on a warrant for alleged pretrial release violations is entitled to when arrested and first appearing in a district other than the prosecuting (or charging) district from which a judge issued the warrant.

Federal Rule of Criminal Procedure 40, titled "Arrest for Failing to Appear in Another District or for Violating Conditions of Release Set in Another District," controls this situation.

Rule 40(a) provides that "[a] person must be taken without unnecessary delay before a magistrate judge in the district of arrest if the person has been arrested under a warrant issued in another district for: (i) failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141-3156 or by a subpoena; or (ii) violating conditions of release set in another district." FED. R. CRIM. P. 40(a).

-2-

As to what the magistrate judge in the district of arrest should do in those proceedings, Rule 40(b) states that "[t]he judge must proceed under [Federal Rule of Criminal Procedure] 5(c)(3) as applicable." FED. R. CRIM. P. 40(b).

Rule 5(c)(3), in turn, provides – as applicable outside the context of an initial appearance on a criminal complaint or indictment – that "(C) the magistrate judge must conduct a preliminary hearing if required by [Federal Rule of Criminal Procedure] 5.1; (D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant; and (E) when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed." FED. R. CRIM. P. 5(c)(3)(C)-(E).

The magistrate judge must therefore conduct an identity hearing, unless the defendant waives the hearing.

But, as to a possible requirement for a preliminary hearing to determine whether there is probable cause to believe that a pretrial release violation occurred, Rule 5.1's provisions do not encompass or contemplate a preliminary hearing on pretrial release violations. *See* FED. R. CRIM. P. 5.1(a)-(b) & (e)-(f) ("(a) In General. If a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless: (1) the defendant waives the hearing; (2)

the defendant is indicted; (3) the government files an information under Rule 7(b) charging the defendant with a felony; (4) the government files an information charging the defendant with a misdemeanor; or (5) the defendant is charged with a misdemeanor and consents to trial before a magistrate judge. (b) Selecting a District. A defendant arrested in a district other than where the offense was allegedly committed may elect to have the preliminary hearing conducted in the district where the prosecution is pending. .... (e) Hearing and Finding. At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence but may not object to evidence on the ground that it was unlawfully acquired. If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings. (f) Discharging the Defendant. If the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant. A discharge does not preclude the government from later prosecuting the defendant for the same offense.").

And that contrasts with Federal Rule of Criminal Procedure 32.1(b)'s requirement for a preliminary hearing "[i]f a person is in custody for violating a condition of probation or supervised release." FED. R. CRIM. P. 32.1(a)(3)(C)-(5), 32.1(a)(5)(A), 32.1(b)(1), (3) ("(a) Initial Appearance. ... (3) Advice. The judge must inform the person of the following: ... (C) the person's right, if held in custody, to a

preliminary hearing under Rule 32.1(b)(1). (4) Appearance in the District With Jurisdiction. If the person is arrested or appears in the district that has jurisdiction to conduct a revocation hearing – either originally or by transfer of jurisdiction – the court must proceed under Rule 32.1(b)-(e). (5) Appearance in a District Lacking Jurisdiction. If the person is arrested or appears in a district that does not have jurisdiction to conduct a revocation hearing, the magistrate judge must: (A) if the alleged violation occurred in the district of arrest, conduct a preliminary hearing under Rule 32.1(b) and either: (i) transfer the person to the district that has jurisdiction, if the judge finds probable cause to believe that a violation occurred; or (ii) dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred; or (B) if the alleged violation did not occur in the district of arrest, transfer the person to the district that has jurisdiction if: (i) the government produces certified copies of the judgment, warrant, and warrant application, or produces copies of those certified documents by reliable electronic means; and (ii) the judge finds that the person is the same person named in the warrant. …. (b) Revocation. (1) Preliminary Hearing. (A) In General. If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing. … (C) Referral. If the judge finds probable cause, the judge must conduct a

revocation hearing. If the judge does not find probable cause, the judge must dismiss the proceeding.").

Some commentators have explained that "[t]he statute [or Rule 40] does not address the proper procedure when the arrest for violation of bond conditions is in a different district" and that, if a violation other than a failure to appear "is alleged, the conservative approach for the court in the district of arrest is to require filing of the warrant, proof of identity, and a showing of probable cause as to the alleged violation." JOHN L. WEINBERG & EVELYN J. FURSE, FEDERAL BAIL AND DETENTION HANDBOOK § 11:2.4 (2021). According to this proposed conservative approach, "[a]fter the government makes the Rule 40 showing, the court in the district of arrest orders detention or sets conditions of release, pending defendant's return to the charging district," and "[t]he motion to revoke release would be determined in the charging the district." *Id.*

As explained below, the undersigned agrees that the magistrate judge in the district of arrest should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.

But Rule 40(b) incorporates Rule 5(c)(3), which in turn references Rule 5.1's provisions on preliminary hearings. And those Rules do not contemplate or provide for a magistrate judge to conduct a hearing to determine whether there is probable cause to believe that a release violation occurred and, perhaps more importantly, do not authorize the magistrate judge in the district of arrest to dismiss the proceeding

and thereby – if the magistrate judge does not find probable cause – resolve the alleged pretrial release violations and any motion to revoke release.

Conducting a hearing on whether there is probable cause to believe that a pretrial release violation occurred, to determine whether there should be a pretrial release revocation hearing, also does not fit with the statute governing pretrial release revocation. 18 U.S.C. § 3148(b) provides, in part, that the court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release...." "Nothing in the language of section 3148 requires a preliminary hearing or probable cause determination prior to the final [pretrial release] revocation determination." *United States v. Jaitly*, No. 09-644-M, 2009 WL 1675086, at *4 (E.D. Pa. June 15, 2009).

"Furthermore, by setting a probable cause standard for a final finding of a violation in the case of new alleged criminal conduct, the statute suggests that no preliminary probable cause finding is necessary." *Id.* When a defendant's alleged pretrial release violation is committing another crime while on release, neither the Rules nor the Bail Reform Act appear to contemplate the magistrate judge in the district of arrest will or should make the probable cause determination that Section 3148(b)(1)(A) requires as a precursor to the court in the charging district making the required Section 3148(b) findings at a final pretrial release revocation hearing.

"Indeed, a preliminary finding would appear to usurp the role of the judge in the charging district." *Id.*

And, as explained above, "[t]he fact that the right to a preliminary hearing is so clearly set forth in Rule 32.1, and is not set forth in the Rules and statutes governing arrests for pretrial release violations, is all the more support for the conclusion that the right does not exist in the latter context." *Id.* at *7.

The undersigned concludes that a preliminary hearing in the district of arrest, at which the government would be required to make a showing of probable cause as to any alleged pretrial release violations, is neither required nor authorized or appropriate. *Accord id.* at *4 (concluding that "review of the relevant provisions points to the conclusion that a person arrested in one district for a violation of pretrial release conditions set in another district is not entitled to a preliminary hearing in the district of arrest").

But Rule 40(c) provides, in a section entitled "Release or Detention Order," that "the [magistrate judge in the district of arrest] may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so." FED. R. CRIM. P. 40(c).

It is hard to understand what detention order a charging district would have in place on a defendant who "has been arrested under a warrant issued in another district for: (i) failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141-3156 or by a subpoena; or (ii) violating conditions of release set in

another district." FED. R. CRIM. P. 40(a). That defendant would seem always to be on release and not ordered detained at the time of arrest (and prior to the court in the charging district deciding to revoke release and order detention).

Where a defendant is on release and arrested in a district other than the charging district, and particularly where the defendant is arrested "in a completely different state, the question arises whether the defendant is entitled to some consideration of release prior to his or her return to the prosecuting court which, under the limitations of the Marshal's service, may take some time." *United States v. Fellows*, No. 1:21-MJ-0314 (DJS), 2021 WL 3025741, at *2 (N.D.N.Y. June 23, 2021).

The Federal Rules' authorization for a magistrate judge in the district of arrest to hold a pre-pretrial-release-revocation-hearing detention hearing may not be as clear as the Rules' authorization for a magistrate judge in the district of arrest to hold a detention hearing in connection with an initial appearance on a separate charging district's indictment or criminal complaint. In that context, the Court recently explained that,

> [a]t Defendant Mark Anthony Jackson's initial appearance on April 13, 2022, the government's counsel raised a contention that Federal Rule of Criminal Procedure 5(c)(3) dictates that a defendant arrested and having his initial appearance in a district other than the charging district (that is, in Rule 5's terms, "the district where the offense was allegedly committed" and the criminal charges are filed) is not entitled to a detention hearing in that district of arrest if he waives and therefore will not have an identity hearing in the district of arrest. The government's counsel later informed the Court and defense counsel that he is withdrawing his objection to a detention hearing after further consideration. The Court enters this order after its own further research and analysis to clarify the authority under which a magistrate judge in

-9-

this district may go forward with a detention hearing for Mr. Jackson.

Federal Rule of Criminal Procedure 5(c)(3) does not address detention or release pending trial. But Federal Rule of Criminal Procedure 5(d) provides for procedures in any case in which the defendant is charged with a felony, whether charged in the district where the defendant is arrested or in another district, and Rule 5(d)(3) provides that "[t]he judge must detain or release the defendant as provided by statute or these rules."

Federal Rule of Criminal Procedure 46(a) provides that "[t]he provisions of 18 U.S.C. §§3142 and 3144 govern pretrial release, and 18 U.S.C. § 3141(a) provides that "[a] judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter." *See United States v. Snyder*, 946 F.2d 1125, 1126 (5th Cir. 1991) (Subsection 3141(a) states that '[a] judicial officer authorized to order the arrest of a person under section 3041' must decide whether to release the person pending trial. [18 U.S.C.] § 3141(a). Section 3041 lists these judicial officers, and federal district and appellate judges and Justices are included. Thus, all judges in the federal system have the power to decide whether to release an alleged offender pending trial." (footnote omitted)).

18 U.S.C. § 3142(a) provides that, "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be – (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section; (2) released on a condition or combination of conditions under subsection (c) of this section; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or (4) detained under subsection (e) of this section." 18 U.S.C. § 3142(e)(1) provides that, "[i]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial," and 18 U.S.C. § 3142(f)(1) provides that "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the

safety of any other person and the community" if the case presents one of the listed circumstances under which a detention hearing may be held.

And 18 U.S.C. §§ 3145(a)-(b) specifically contemplate release or detention orders by a magistrate judge in the district of arrest being reviewed by the court in the charging district (referred to in those sections as "the court having original jurisdiction over the offense").

A defendant arrested in a district other than the charging district may voluntarily elect to have any detention hearing in the charging district. *See United States v. Valenzuela-Verdigo*, 815 F.2d 1011 (5th Cir. 1987). But a defendant who elects to have a detention hearing in the district of arrest is not entitled to a new detention hearing in the charging district other than as provided by 18 U.S.C. §§ 3142(f) or 3145. *See United States v. Hare*, 873 F.2d 796 (5th Cir. 1989).

*United States v. Jackson*, No. 3:22-mj-369-BN, Dkt. No. 8 (N.D. Tex. Apr. 13, 2022).

But, in light of Rule 40(c)(3), when faced with a defendant arrested on a warrant by a separate charging district for alleged pretrial release violations issued, the magistrate judge in the district of arrest is put to deciding whether the defendant should be continued on existing conditions or modified conditions of release pending the final hearing on a motion to revoke release in the charging district or should be detained pending that hearing (and transferred by the United States Marshals Service to the charging district).

And so the magistrate judge in the district of arrest should hold a hearing to allow the parties to be heard in connection with that decision that Rule 40(c)(3) contemplates and authorizes the judge in the district of arrest to make. *Accord Fellows*, 2021 WL 3025741, at *3.

Where Rule 40(c)(3) "itself contemplates [the magistrate judge in the district

-11-

of arrest] having to make a decision regarding detention or release," "it would be anomalous to basic principles of due process to not allow the Defendant and his counsel the opportunity of notice and the right to be heard on that important issue." *Id.* And, in any event, "[t]he Court cannot make an informed decision without that hearing," where, "[w]hile it is clear that the magistrate judge in the district of arrest has] authority under Rule 40(c) to [change conditions of release that have already been set or to detain a defendant in order to ensure his appearance for the revocation hearing to be held in the charging district], [the magistrate judge in the district of arrest is] only authorized to take that step after articulating [the] reasons in writing." *Id.*

Of course, the defendant can – after being advised of the option of having a pre-revocation-hearing detention hearing in the district of arrest – waive the right to a detention hearing in the district of arrest and elect to remain in custody to be transferred to the charging district for the revocation hearing.

But not permitting a pre-revocation-hearing detention hearing in the district of arrest amounts, as a practical matter, to the magistrate judge's deciding without any formal finding or hearing that the defendant should be temporarily detained pending a revocation hearing and not to modify any previous release order issued in the charging district. *Accord id.* ("In light of the foregoing, there is very little question that this Court is authorized to hold a detention hearing. Nevertheless, the Government argues that such a hearing is wholly discretionary and in fact need not

be held. The Court disagrees. As an initial point, it is the Government itself that is seeking to alter the Defendant's release status as set by Judge McFadden. In other words, at the present time this Defendant has conditions of release that have already been set, and it is the Government's desire that I change those conditions and detain the Defendant in order to ensure his appearance for the violation of condition hearing to be held in the District of Columbia.").

SO ORDERED.

DATED: September 21, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE